IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CR-33-1-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHERMARQUETTE BERNARD WHITAKER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On June 8, 2021, with a written plea agreement, Shermarquette Bernard Whitaker ("Whitaker" or "defendant") pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and possession with the intent to distribute five hundred grams or more of cocaine by aiding and abetting another person in violation of 21 U.S.C. § 841(a)(1). See [D.E. 86]; Plea Ag. [D.E. 87] ¶ 3. On October 18, 2021, the court sentenced Whitaker to concurrent terms of 210 months' imprisonment and entered a forfeiture money judgment of $525,000. See [D.E. 119, 121, 122, 137]. To calculate Whitaker's advisory guideline range, the court applied enhancements for possessing a firearm and making a credible threat of violence. See United States v. Whitaker, No. 21-4591, 2023 WL 3002745, at *1 (4th Cir. Apr. 19, 2023) (per curiam) (unpublished). Whitaker appealed "the court's forfeiture order and its application of sentencing enhancements." Id. On April 19, 2023, the United States Court of Appeals for the Fourth Circuit affirmed. Id.

On January 31 and April 7, 2025, proceeding pro se, Whitaker filed substantially identical motions to vacate. See [D.E. 184, 188]. Whitaker argues that his verdict, judgment and sentence

are "void and should be vacated[]" because the government failed to provide Whitaker with an affidavit "of complaint" or "a preliminary hearing." [D.E. 184] 2; [D.E. 188] 3. The court directed the United States to respond. See [D.E. 196]. The United States asks the court to treat Whitaker's motions as arising under 28 U.S.C. § 2255. See [D.E. 206].

Whitaker seeks to challenge his conviction and sentence. To do so, Whitaker must file a motion under 28 U.S.C. § 2255. Cf. [D.E. 206] 1–2. The court may construe Whitaker's motion as one seeking relief under section 2255 if Whitaker consents. See Castro v. United States, 540 U.S. 375, 381–82 (2003); cf. Bowe v. United States, No. 24-5438, 2026 WL 70342, at *8 (U.S. Jan. 9, 2026). A court, however, cannot "recharacterize a pro se litigant's motion as the litigant's first [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 377 (emphasis omitted); see United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008). The court informs Whitaker that second or successive motions under section 2255 are generally prohibited and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate are rarely granted. The court also informs Whitaker that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year statute of limitations period. See id. § 2255(f).

The clerk shall send Whitaker a form section 2255 petition together with this order. Whitaker may express his consent by refiling his claims on the court's form section 2255 petition on or before February 13, 2026. If Whitaker consents to the conversion, the court will treat the claims in Whitaker's original motion as filed on January 31, 2025, but expresses no opinion on the

timeliness of those or of any additional or new claims. Cf. Mayle v. Felix, 545 U.S. 644, 650, 659–64 (2005); Gray v. Branker, 529 F.3d 220, 241–42 (4th Cir. 2008); United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000). Additionally, the court will review his motion by separate order and determine whether to direct the United States to file a response. If Whitaker does not respond to this order, the court will not recharacterize the motion as one seeking relief under section 2255 and will rule on the motion as Whitaker has presented it.

In sum, the court GRANTS the United States' motion [D.E. 206] and DIRECTS the clerk to send defendant a form section 2255 motion together with a copy of this order. Defendant shall have until February 13, 2026, to file any response to this order.

SO ORDERED. This 12 day of January, 2026.

                                              JAMES C. DEVER III
                                              United States District Judge