IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CR-33-D-1
No. 2:26-CV-7-D

SHERMARQUETTE BERNARD ) 
WHITAKER, )
 )
   Petitioner, )
 )
   v. )   **ORDER**
 )
UNITED STATES OF AMERICA, )
 )
   Respondent. )

On February 6, 2026, Shermarquette Bernard Whitaker ("Whitaker" or "petitioner")

moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 210-month

sentence [D.E. 210]. Whitaker argues that the court lacked subject-matter jurisdiction over his

case, so his "verdict, judgment, and sentence are void, and should be vacated." Id. at 4. As

explained below, the court dismisses Whitaker's section 2255 motion.

I.

On June 8, 2021, with a written plea agreement, Whitaker pleaded guilty to conspiracy to

distribute and possess with the intent to distribute five kilograms or more of cocaine in violation

of 21 U.S.C. § 846, and possession with the intent to distribute 500 grams or more of cocaine by

aiding and abetting another person in violation of 21 U.S.C § 841(a)(1). See [D.E. 86]; Plea Ag.

[D.E. 87] ¶ 3. The court had subject-matter jurisdiction. See 18 U.S.C. § 3231. On October 18,

2021, the court sentenced Whitaker to concurrent terms of 210 months' imprisonment and entered

a forfeiture money judgment of $525,000. See [D.E. 119, 121, 122, 137]. To calculate Whitaker's

advisory guideline range, the court applied enhancements for possessing a firearm and making a

credible threat of violence. See United States v. Whitaker, No. 21-4591, 2023 WL 3002745, at *1 (4th Cir. Apr. 19, 2023) (per curiam) (unpublished). Whitaker appealed "the court's forfeiture order and its application of sentencing enhancements." Id. On April 19, 2023, the United States Court of Appeals for the Fourth Circuit affirmed. See id. Whitaker did not file a petition for a writ of certiorari from the United States Supreme Court.

On January 31 and April 7, 2025, proceeding pro se, Whitaker filed substantially identical motions to vacate under 28 U.S.C. § 2241. See [D.E. 184, 188]. On January 12, 2026, the court informed Whitaker of the court's intent to recharacterize Whitaker's motions as one seeking relief under 28 U.S.C. § 2255. See [D.E. 207]; Castro v. United States, 540 U.S. 375, 381–83 (2003). On January 16, 2026, Whitaker objected to recharacterizing his motions as a section 2255 motion because a section 2255 motion would be time barred. See [D.E. 208] 2–3; 28 U.S.C. § 2255(f). On January 29, 2026, the court dismissed Whitaker's motions to vacate under 28 U.S.C. § 2241. See [D.E. 209]. On February 6, 2026, Whitaker filed a motion under 28 U.S.C. § 2255. See [D.E. 210].

## II.

In considering whether to dismiss a petition under Federal Rule of Civil Procedure 12(b)(6), the court tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 677–79.

2

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, upon receipt of a section 2255 motion, the court "must dismiss the motion" if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings, R. 4(b). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Whitaker's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); United States v. Green, 67 F.4th 657, 663 (4th Cir. 2023); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). Under section 2255(f)(1), after an unsuccessful appeal, a "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003); see United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017). Whitaker's judgment of conviction became final no later than August 9, 2023, 90 days after the Fourth Circuit entered judgment on

3

May 11, 2023. See Sup. Ct. R. 13(1); Clay, 537 U.S. at 525; [D.E. 167]. Therefore, Whitaker had one year from August 9, 2023, to timely file his section 2255 motion. But Whitaker did not place his section 2255 motion in the prison mailing system until February 1, 2026, and it was not docketed until February 6, 2026. See [D.E. 210] 12; Houston v. Lack, 487 U.S. 266, 275–76 (1988). Moreover, none of the conditions enumerated in section 2255(f)(2)–(4) are present, and nothing in Whitaker's motion suggests that equitable tolling applies. In fact, when Whitaker filed his motions under 28 U.S.C. § 2241, he admitted that any motion under 28 U.S.C. § 2255 would be untimely. See [D.E. 208] 2. Thus, Whitaker's section 2255 motion is time barred under 28 U.S.C. § 2255(f).

### III.

In sum, the court DISMISSES petitioner's section 2255 motion [D.E. 210] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

SO ORDERED. This 17 day of February, 2026.

JAMES C. DEVER III
United States District Judge

4